Filed 11/20/20  P. v. Atwell CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL VINCENT ATWELL,<br><br>    Defendant and Appellant. | H047618<br>(Santa Clara County<br>Super. Ct. No. C1902644) |

Pursuant to a negotiated plea agreement, appellant Michael Vincent Atwell pleaded no contest to felony taking or unauthorized use of a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a)), carrying a loaded firearm when having a prior felony conviction (Pen. Code, § 25850, subd. (c)[1]), and misdemeanor resisting, delaying, or obstructing an officer (§ 148, subd. (a)(1)).  He also admitted allegations that he had served a prior prison term (§ 667.5, subd. (b)) (hereafter "prior prison term enhancement") and had suffered a prior strike conviction (§§ 667, subd. (b)–(i), 1170.12).  Consistent with the terms of the plea agreement, the trial court sentenced Atwell to five years in state prison, which included one year for the prior prison term enhancement.

---

[1] Unspecified statutory references are to the Penal Code.

On appeal, Atwell contends this court should strike the prior prison term enhancement in light of Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136). The Attorney General concedes that the prior prison term enhancement is invalid under current law but contends this court should remand the case to allow the district attorney either to accept a reduction of Atwell's sentence or to withdraw from the plea agreement.

For the reasons explained below, we reverse the judgment and remand the matter to permit Atwell the opportunity to request relief in the trial court.

## I. PROCEDURAL BACKGROUND

On February 8, 2019, the Santa Clara County District Attorney filed a felony complaint charging Atwell with taking or unauthorized use of a vehicle with the intent to temporarily deprive the owner of possession while having a prior conviction for violating section 496d (Veh. Code, § 10851, subd. (a); § 666.5; count 1), possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2), carrying a loaded firearm by a felon (§ 25850, subd. (c)(1); count 3), misdemeanor resisting, delaying, or obstructing a peace officer (§ 148, subd. (a)(1); count 4), and misdemeanor possession of controlled substance paraphernalia (Health & Saf. Code, § 11364, subd. (a); count 5).[2] The complaint also alleged that Atwell had suffered a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12) and had served two prior prison terms within the meaning of section 667.5, subdivision (b). One of the prior prison terms had resulted from Atwell's conviction for receiving a stolen vehicle (§ 496d) and the other from his conviction for auto theft (Veh. Code, § 10851).

On April 4, 2019, pursuant to a negotiated written plea agreement, Atwell pleaded no contest to counts 1, 3, and 4. He also admitted the prior strike conviction allegation and the prior prison term enhancement allegation related to his conviction for receiving a stolen vehicle. In exchange, the People moved to dismiss counts 2 and 5 and strike the

---

[2] The underlying facts of Atwell's offenses are not recounted here because they are not stated in the appellate record and are not relevant to the issues in this appeal.

2

other prior prison term enhancement allegation. The parties agreed that Atwell's total prison term would be five years. The plea agreement did not contain any provision stating that it would be unaffected by future statutory changes. The trial court accepted Atwell's plea.

On September 30, 2019, the trial court conducted a sentencing hearing. The trial court commenced Atwell's sentencing by stating that, pursuant to the plea agreement, it was committing Atwell to prison for five years. The sentence was comprised of the low term of four years on count 1, concurrently with the midterm of four years on count 3, plus one year for the prior prison term enhancement.[3]

After the trial court stated the sentence, defense counsel asked to approach the bench and an unrecorded discussion ensued. Subsequently, the court explained that the bench conference concerned a potential change in the law governing the prior prison term enhancement (presumably Senate Bill 136). The court noted that the agreed-upon five-year prison term could not be attained otherwise in this case "without manipulating the terms on Count 1 and 3" and said it "would not have approved the plea bargain if it was not five years or more." The court continued: "Accordingly, for some reason, if it cannot be a 5-year agreement, it may be [Atwell will] have to withdraw his plea. We'll worry about that when and if the Court of Appeal gives us a chance to look at it." Defense counsel responded by asking the court to strike the one-year prior prison term enhancement and impose a four-year sentence. Alternatively, defense counsel objected to imposition of the prior prison term enhancement. The court asked defense counsel if

---

[3] We note that concurrent sentences are permitted under section 667, subdivision (c)(6) of the three strikes law, in the trial court's discretion, "where a sentencing court determines that two or more current felony convictions were either 'committed on the same occasion' or 'aris[e] from the same set of operative facts.' " (*People v. Lawrence* (2000) 24 Cal.4th 219, 233.) Here, although the trial court did not state any findings about why it sentenced Atwell concurrently on counts 1 and 3, the complaint alleged the same commission date for both offenses, and neither party challenges the legality of this aspect of Atwell's sentence.

he wanted to withdraw Atwell's plea, but defense counsel did not directly address that question and instead requested a continuance in light of the impending change in the law.[4] The prosecutor commented that Atwell could move to withdraw from the plea agreement but not object to the five-year sentence at that point in the proceeding. The prosecutor also opined that there was no good cause for a continuance. The court denied the defense motion to continue. The court also reiterated it "would not have agreed to a four-year [sentence]," given that the midterm sentence on count 1 is six years and Atwell had "three previous prison commitments." Atwell did not move to withdraw his plea.

The trial court then continued with Atwell's sentencing. Pursuant to the plea agreement and the prosecutor's prior motion, the court dismissed counts 2 and 5 and struck one of the prior prison term enhancements. The court ordered victim restitution, restitution fines, fees, and assessments. On count 4, the court imposed 30 days in the county jail to run concurrently with the other counts, noting that Atwell had credit for time served on count 4.

## II. DISCUSSION

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) (hereafter section 667.5(b)), to limit prior prison term enhancements to only prior terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b).[5] (§ 667.5, subd. (b); Stats. 2019, ch. 590, § 1; *People v. Lopez* (2019) 42 Cal.App.5th 337, 341.)

_____

[4] The Governor signed Senate Bill 136 into law on October 8, 2019, eight days after Atwell's sentencing. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 340.)

[5] Section 667.5 provides in part: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows: [¶] . . . [¶] (b) Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code, provided that no additional term shall be imposed under this

4

Atwell and the Attorney General agree the prior prison term underlying the prior prison term enhancement allegation that Atwell admitted pursuant to the plea agreement was not served for a sexually violent offense. We concur. (§ 667.5, subd. (b).) The parties also agree, as do we, that the changes effected by Senate Bill 136 apply retroactively to cases in which the judgment is not yet final. (*People v. Winn* (2020) 44 Cal.App.5th 859, 872; *People v. Petri* (2020) 45 Cal.App.5th 82, 94.) Lastly, the parties agree, and we concur, that the prior prison term enhancement thus no longer applies to Atwell's case.

The parties, however, do not agree on the remedy that should result when, as here, the now-invalid one-year term for the prior prison term enhancement was an integral part of a stipulated sentence reached through a plea agreement. Atwell contends that we should simply strike the one-year prior prison term enhancement—thereby reducing his sentence from five to four years—and otherwise leave the underlying plea agreement intact. The Attorney General, relying on the California Supreme Court's recent decision in *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*), asserts that we should remand the case to allow the district attorney, with the trial court's approval, either to accept a one-year reduction of Atwell's sentence or to withdraw from the plea agreement. In his reply brief, Atwell offers an alternative to the Attorney General's proposal. Citing *Stamps*, Atwell asserts that if we decline to simply strike the one-year prior prison term enhancement from his sentence, we should remand this case to the trial court, and Atwell should be permitted to decide in the trial court whether to request relief under Senate Bill 136.

---

subdivision for any prison term served prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended."

Subdivision (a) provides for a three-year term when both the new offense and the underlying prior conviction were among the violent felonies listed in subdivision (c), subject to a ten-year washout period. (§ 667.5, subd. (a).)

We begin our examination of the disputed remedy issue by discussing the California Supreme Court's decision in *Stamps*. In that case, the defendant entered into a plea agreement for a specified prison term that included a prior serious felony enhancement under section 667, subdivision (a). (*Stamps*, *supra*, 9 Cal.5th at p. 692.) While pending appeal, Senate Bill No. 1393 (2017-2018 Reg. Sess.) went into effect. The new law granted the trial court discretion to strike or dismiss a serious felony enhancement (§ 667, subd. (a)) in furtherance of justice under section 1385—an action that was not previously authorized. (*Stamps*, at p. 692; Stats. 2018, ch. 1013, §§ 1 & 2.) Defendant claimed that the new law applied retroactively to his case because the judgment was not yet final. The California Supreme Court agreed. (*Stamps*, at p. 699.)

Regarding the appropriate remedy in light of the newly bestowed trial court discretion, the California Supreme Court rejected defendant's contention that his case should be "remand[ed] to the trial court to consider striking the serious felony enhancement while otherwise maintaining [his] plea agreement intact." (*Stamps*, *supra*, 9 Cal.5th at p. 700.) The court reasoned that, when enacting Senate Bill No. 1393, the Legislature did not "intend[] to overturn long-standing law that a court cannot unilaterally modify an agreed-upon term [of a plea bargain] by striking portions of it under section 1385." (*Stamps*, at p. 701.) Further, the court explained that "the remedy defendant seeks, to allow the court to strike the serious felony enhancement but otherwise retain the plea bargain, would frustrate the Legislature's intent to have section 1385 apply uniformly, regardless of the type of enhancement at issue, by granting the court a power it would otherwise lack for any other enhancement." (*Id*. at p. 704.) The court concluded that, while the defendant should be given the opportunity to ask the trial court to exercise its new discretion to strike the serious felony enhancement, the People should be allowed to withdraw from the plea bargain if the trial court indicates an inclination to exercise its discretion to strike the enhancement. (*Id*. at p. 707.)

6

Atwell maintains that *Stamps* is inapplicable to his case. He argues *Stamps* does not preclude the remedy he requests "because [Senate Bill] 136 *eliminates* the trial court's authority to impose the prior prison term enhancements in question, rather than merely giving the court the discretion to strike them as in *Stamps*" under Senate Bill No. 1393. He asserts further that striking the prior prison term enhancement "does not mean that the People were cheated out of their bargain" because his proposed remedy accords with section 1016.8 and *Doe v. Harris* (2013) 57 Cal.4th 64, 66, which establish that "a plea agreement does not have the effect of insulating [the parties] from changes in the law that the Legislature has intended to apply to them." (§ 1016.8, subd. (a)(1).)[6] He maintains that Senate Bill 136 effectuated a "broad policy goal of eliminating an entire class of sentencing enhancements" and this goal would be thwarted if the People are permitted to withdraw from a plea bargain when a defendant asserts his or her rights under Senate Bill 136. In addition, Atwell contends that both the trial court and the district attorney were aware when they approved and accepted the plea agreement that Senate Bill 136 had been passed by the Legislature and might be applied retroactively. Given this, "[t]hey assumed the risk that the prior prison term enhancement might be invalidated."

We are not persuaded that the California Supreme Court's analysis in *Stamps* is inapplicable to our determination of the appropriate remedy under Senate Bill 136. As the Court of Appeal for the Fifth Appellate District recently observed, the distinction between the mandated dismissal of a prior prison term enhancement under Senate Bill 136 and the discretionary dismissal of a prior serious felony enhancement under Senate Bill No. 1393 "is not the dispositive issue." (*People v. Hernandez* (2020) 55 Cal.App.5th 942, 957 (*Hernandez*).) Rather, the focus of the inquiry is "on the history of the amendments to determine whether there was any intent []'to change well-settled law that

_____

[6] Section 1016.8 went into effect on January 1, 2020, after Atwell's sentencing. (Stats. 2019, ch. 586, § 1.)

7

a court lacks discretion to modify a plea agreement unless the parties agree to the modification' to determine whether the district attorney can withdraw from the plea agreement." (*Ibid*.)   We agree with the Court of Appeal in *Hernandez* that "there is no evidence the Legislature intended Senate Bill 136 to permit the trial court to unilaterally modify a plea agreement once the prior prison term enhancements are stricken." (*Id*. at p. 958; cf. *People v. Matthews* (2020) 47 Cal.App.5th 857, 868–869.)

Further, as the California Supreme Court pointed out in *Stamps*, section 1016.8 "says nothing about the proper remedy" when a court "conclude[s] a law retroactively applies." (*Stamps*, *supra*, 9 Cal.5th at p. 705.)  Thus, that section does not mandate the remedy Atwell seeks.  In addition, although the People and the trial court were aware at the time of Atwell's sentencing that Senate Bill 136 might change relevant law, the bill was not yet signed or effective.  "It has been uniformly held in this state that a statute has no force whatever until it goes into effect pursuant to the law relating to legislative enactments.  It speaks from the date it takes effect and not before.  Until that time it is not a law and has no force for any purpose." (*People v. Righthouse* (1937) 10 Cal.2d 86, 88.)  Hence, we are not persuaded that the People and trial court knowingly "assumed the risk" of a potential invalidation of the prior prison term enhancement. In any event, nothing in *Stamps* supports a conclusion that assumption of risk is relevant to the analysis of the proper remedy.

Under the circumstances of this case, if we were to strike the prior prison term enhancement and modify Atwell's sentence to four years without the People's consent, we would be unilaterally altering the terms of the plea bargain.  (See *Hernandez*, *supra*, 55 Cal.App.5th at p. 958; *Stamps*, *supra*, 9 Cal.5th at p. 707.)  Such a change would deprive the People of a principal benefit secured in the plea agreement with Atwell, namely a five-year prison term.  The change also would conflict with the trial court's stated position that it would not have approved a plea with a stipulated sentence less than five years.  By reducing Atwell's sentence to four years we would override the trial

court's authority to approve the plea agreement. (See *Stamps*, *supra*, 9 Cal.5th at pp. 705–706, 708–709.) For these reasons, we conclude that we cannot afford Atwell the primary remedy he seeks and will not modify the judgment to strike the prior prison term enhancement and reduce Atwell's sentence.

Although we reject Atwell's requested remedy, we accede to his alternative request that we remand the case so that he can decide in the trial court whether he wishes to pursue relief from the invalid one-year prior prison term enhancement. (See *Stamps*, *supra*, 9 Cal.5th at p. 708.) Accordingly, we will reverse the judgment and remand this case for that limited purpose.[7]

### III.  DISPOSITION

The judgment is reversed and the matter is remanded to the trial court for the limited purpose of permitting defendant the opportunity to request relief from the prior prison term enhancement under current law (Pen. Code, § 667.5, subd. (b)), as amended by Senate Bill No. 136 (2018-2019 Reg. Sess.). If defendant does not seek relief, the judgment will be reinstated. If the court grants relief, either the prosecution may withdraw assent to the plea agreement or the court may withdraw its approval of the plea agreement. In all other respects, the judgment is affirmed.

---

[7] For the benefit of the parties and trial court on remand, we note that we do not decide whether Atwell may be resentenced to a prison term greater than the aggregate five-year term agreed to in the original plea agreement. The parties do not address that question in their briefs on appeal. We thus leave that legal issue, should it arise, to the trial court for consideration in the first instance. (See *People v. Collins* (1978) 21 Cal.3d 208, 216–217; *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1258–1259; *People v. Craig* (1998) 66 Cal.App.4th 1444, 1448; cf. *Hernandez*, *supra*, 55 Cal.App.5th at p. 959.)

_____
                          Danner, J.

WE CONCUR:

_____
Greenwood, P.J.

_____
Grover, J.

**H047618**
***People v. Atwell***